# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **Candice Paschal and Pedro Zarazua Jr., individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b),** § § § § §<br>*Plaintiffs* § §<br> §<br>**v.** § **Civil Action No. 1:22-CV-00027-RP**<br> §<br> §<br>**Perry's Restaurants, Ltd. d/b/a Perry's Steakhouse and Grille and Christopher Perry, individually,** § § § §<br>*Defendants* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion to Transfer Venue, filed February 7, 2022 (Dkt. 3); Plaintiffs' Response, filed March 1, 2022 (Dkt. 8); Defendants' Reply, filed March 14, 2022 (Dkt. 10); and Plaintiffs' Sur-Reply, filed April 25, 2022 with leave of Court (Dkt. 19). On February 18, 2022, the District Court referred the motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

Defendant Perry's Restaurants, Ltd. ("PRL") is a Texas limited partnership which operates a restaurant chain called Perry's Steakhouse and Grille ("Perry's"), with locations in Texas,

1

Alabama, Colorado, Florida, Illinois, North Carolina, and Tennessee. Complaint (Dkt. 1) ¶ 5. PRL's headquarters are in Houston, in the Southern District of Texas. Dkt. 3 at 5. Christopher Perry, the owner and operator of Perry's restaurants, resides in Austin, in the Western District of Texas. Dkt. 1 ¶ 15. There are two Perry's restaurants in this District.

Plaintiff Candice Paschal worked as a server at the Perry's restaurant in downtown Dallas, Texas, from January 2020 through May 2021. Plaintiff Pedro Zarazua Jr. worked as a server at the same restaurant from July 2017 through July 2021. *Id.* ¶¶ 25-26. Plaintiffs allege that they are Texas residents, but do not state in what city they reside. *Id.* ¶ 10. Defendants argue that Plaintiffs reside in Dallas or the greater Dallas area. Dkt. 3 at 2.

On January 11, 2022, Plaintiffs filed this Fair Labor Standards Act ("FLSA") suit against PRL and Christopher Perry (collectively, "Defendants"). Dkt. 1. Plaintiffs bring this collective action under 29 U.S.C. § 216(b), individually and as representatives "of all similarly situated former and current employees of Defendants." *Id.* ¶ 47. Plaintiffs allege that "Defendants have a policy and practice of paying all their servers, including Plaintiffs and Collective Members, subminimum hourly wages under the tip credit provisions of the FLSA." *Id.* ¶ 7. Specifically, Plaintiffs allege that Defendants (1) failed to pay Plaintiffs and Collective Members at the full minimum wage rate, in violation of 26 U.S.C. §§ 206 and 215(a)(2); and (2) required Plaintiffs to pay for business expenses and contribute a portion of their tips to an illegal tip pool, which constitute unlawful "kickbacks" to an employer, in violation of 29 U.S.C. § 203(m). Plaintiffs seek their alleged monetary damages, liquidated damages, and attorneys' fees and costs.

In their Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), Defendants argue that this lawsuit should be transferred to the Dallas Division of the Northern District of Texas. Plaintiffs oppose the Motion to Transfer Venue.

## II. Legal Standards

The change of venue statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The underlying premise of this statute is that courts should prevent plaintiffs from abusing their privilege under the general venue statute by subjecting defendants to venues that are inconvenient under the terms of Section 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Id.*

District courts have broad discretion in deciding whether to order a transfer under Section 1404(a). *Id.* at 311. "But this discretion has limitations imposed by the text of § 1404(a) and by the precedents of the Supreme Court and of the Fifth Circuit Court of Appeals that interpret and apply the text of § 1404(a)." *Id.*

The preliminary question for the court under Section 1404(a) is whether the lawsuit "might have been brought" in the destination venue. *Id.* at 312. If the answer is yes, then the court must determine whether the moving party has shown "good cause" for transferring the case, reflecting the appropriate deference to the plaintiff's choice of venue. *Id.* at 315. The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* To show good cause "means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting § 1404(a)).

In determining whether a transfer is for the convenience of parties and witnesses and in the interest of justice, courts look to a series of private and public factors. *Id.* at 315. The private interest factors include:

1. the relative ease of access to sources of proof;
2. the availability of compulsory process to secure the attendance of witnesses;
3. the cost of attendance for willing witnesses; and
4. all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.* The public interest factors include:

1. the administrative difficulties flowing from court congestion;
2. the local interest in having localized interests decided at home;
3. the familiarity of the forum with the law that will govern the case; and
4. the avoidance of unnecessary problems of conflict of laws in the application of foreign law.

*Id.* The Fifth Circuit has clarified that these factors are neither exhaustive nor exclusive, and that none is dispositive. *Id.*

### III. Analysis

Defendants argue that this case should be transferred to the Dallas Division of the Northern District of Texas for the convenience of the parties and witnesses, and in the interest of justice. Defendants aver that this case has no connection to the Western District of Texas other than that Defendant Christopher Perry resides in Austin. Defendants emphasize that both Plaintiffs worked at Perry's in Dallas and reside in the greater Dallas area. Defendants contend that Plaintiffs never worked at either of the Perry's locations in Austin or ever lived in this District. They argue that "the sole basis for Plaintiffs' filing this lawsuit in Austin was to avoid having a Dallas Judge consider again (and potentially reject again) the identical collective action filed by the same

plaintiffs' counsel herein." Dkt. 3 at 1. Defendants refer to a similar FLSA collective action case Plaintiffs' counsel filed in the Northern District of Texas on behalf of two other former Perry's servers, *Helgason v. Perry's Restaurants, Ltd.*, No. 3:20-cv-1573-S (N.D. Tex. Nov. 10, 2021). In that case, United States District Judge Karen Gren Scholer denied the plaintiffs' motion to certify the collective action, finding that they did not meet their burden to show that "all Perry's servers in Texas were similarly situated as to the tip pool claim, uniform deduction claim, and side work claims." Dkt. 3-8 at 9.[1]

In response, Plaintiffs argue that Defendants' Motion to Transfer should be denied because Defendants have not satisfied their burden to show that the Northern District of Texas is a "clearly more convenient" forum than this District. Plaintiffs point out that PRL operates two Perry's restaurants in this District and Defendant Perry lives in this District. Plaintiffs also emphasize that PRL's headquarters are located in Houston, not Dallas.

The Court considers whether Defendants have demonstrated good cause to transfer this case to the Dallas Division of the Northern District of Texas.

**A. Preliminary Inquiry**

The preliminary inquiry under Section 1404(a) is whether this case "might have been brought" in the Dallas Division of the Northern District of Texas. The general venue statute allows a plaintiff to file suit in a judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located," or "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).

---

[1] The Court may take judicial notice of this lawsuit as a matter of public record. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019).

PRL and Perry both are Texas residents. Plaintiffs worked in Perry's restaurant in Dallas. Plaintiff does not dispute that this lawsuit could have been filed in the Dallas Division of the Northern District of Texas. Accordingly, the Court addresses whether the private and public interest factors support a transfer.

**B. Private Interest Factors**

   1. **Relative Ease of Access to Sources of Proof**

The first private interest factor considers ease of access to sources of documentary and other physical evidence. *See Volkswagen*, 545 F.3d at 315. Despite technological advances in digitization and transmission of documents, physical location remains relevant. *See id.* at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments [in copying technology and information storage] does not render this factor superfluous.").

Defendants argue that because Plaintiffs worked at Perry's location in downtown Dallas, "[t]he relevant witnesses to their claims are likewise residents of the Dallas Division of the Northern District of Texas." Dkt. 3 at 7. Witnesses, however, are not sources of proof to be analyzed under this factor; rather, witnesses are assessed under the second or third private factors. *See In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020) ("This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence."); *Volkswagen*, 545 F.3d at 315 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division"); *MicroPairing Techs. LLC v. Toyota Motor Mfg. Tex., Inc.*, No. 6-20-CV-01001-ADA, 2021 WL 4526704, at *2 (W.D. Tex. Oct. 1, 2021) ("Witnesses are not sources of proof to be analyzed under this factor.").

6

Defendants next argue that "documents and other forms of tangible evidence relevant to Plaintiffs' claims may be stored at their residences or at the restaurant location in the Dallas Division of the Northern District of Texas." Dkt. 3 at 7. Defendants contend that: "No documents or other tangible evidence relevant to Plaintiffs' claims are located in the Austin Division or any other Division of the Western District of Texas." *Id.* at 8. As the Fifth Circuit recently stated, however, "the movant has the burden to establish good cause, which requires an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum." *Defense Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022) (citing *Volkswagen*, 545 F.3d at 315). Here, Defendants' conclusory allegations "lack that necessary proof." *Id.*; *see also Sivertson v. Clinton*, No. 3:11-CV-0836-D, 2011 WL 4100958, at *5 (N.D. Tex. Sept. 14, 2011) (finding defendant's assertion that "'all of the documents and physical evidence' are in Houston" insufficient to satisfy her burden concerning first factor).

In addition, Plaintiffs have provided evidence showing that documents related to PRL's payroll and tip records, payroll policies and procedures, and records of hours worked are located at PRL's headquarters in Houston, not Dallas. Dkt. 8 at 7.

Because the majority of the relevant physical evidence in this case is located in Houston, not Dallas, the first factor weighs against transfer.

**2. Availability of Process to Secure the Attendance of Witnesses**

The second private interest factor considers the availability of compulsory process over non-party witnesses. *Bruck*, 30 F.4th 414 ("Access to compulsory process for non-party witnesses is the graveman of the second private interest factor."). The Federal Rules of Civil Procedure provide district courts with the authority to compel non-party witnesses "to attend a trial, hearing, or deposition" that is conducted "within 100 miles of where the person resides, is employed, or

regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A). "[T]ransfer is heavily favored when the majority of the non-party witnesses reside in the transferee forum." *GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 WL 890484, at *3 (E.D. Tex. Jan. 14, 2013).

In their Motion to Transfer, Defendants argue that: "There are potentially a number of key witnesses to Plaintiffs' claims who reside in the Dallas Division, including those who oversaw the tip pool distribution, controlled work schedules, assigned sidework tasks and related matters performed by Plaintiffs and co-workers during their employment at Perry's Downtown Dallas location." Dkt. 3 at 8. Other than these speculative allegations, Defendants initially failed to identify any specific witnesses outside the Court's subpoena power. *See Bunnett & Co. v. Dores*, 2016 WL 247669, at *6 (W.D. Tex. Jan. 20, 2016) ("A party seeking a transfer of venue must do more than make general allegations that key witnesses are unavailable or are inconveniently located. Rather, the moving party must identify specific witnesses and outline the substance of their testimony.").

After Plaintiffs pointed out this deficiency in their Response, Defendants identified two of their employees—Greg Grady and John Dao—"who might be called by Perry's to address" Plaintiffs' claims. Dkt. 10 at 5. Defendants state that Grady and Dao "served as general managers of all of the Dallas area locations, including the location where [Plaintiffs] worked." *Id.* at 4-5. Because these individuals are RLP employees, they are not non-party witnesses. The inconvenience to party witnesses is irrelevant under the second factor. *Bruck*, 30 F.4th 414; *see also Turner v. Cincinnati Ins. Co.*, No. 6:19-CV-642-ADA-JCM, 2020 WL 210809, at *4 (W.D. Tex. Jan. 14, 2020) (stating that the defendant "cannot cite inconvenience of its employee-witnesses as the basis for transfer"). Moreover, Plaintiffs submitted evidence showing that Grady resides in Colorado, not Dallas. Dkt. 19 at 4. The Court finds that the second factor also weighs against transfer.

### 3. Costs of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witness. The Fifth Circuit has stated that, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317 (internal citations omitted). Furthermore, the Fifth Circuit has stated that

> it is an obvious conclusion that it is more convenient for witnesses to testify at home and that additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Id.* (cleaned up).

Defendants argue that it would be inconvenient for willing non-party witnesses to travel to Austin because it is more than 200 miles from Dallas. Again, Defendants specifically identify no witnesses other than Grady and Dao, who are party witnesses. Moreover, Plaintiffs identify several witnesses who reside outside Dallas. In addition to Defendant Perry, who lives in Austin, Plaintiffs specifically identify several party witnesses who live in Houston. While both Houston and Dallas are more than 100 miles from Austin, Plaintiffs also point out that Houston is closer to Austin than is Dallas. Dkt. 8 at 12-13. The Court finds the third private interest factor to be neutral.

### 4. All Other Practical Problems

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* at 315. Defendants have identified no other practical problems that might arise if this case was tried in Austin. Accordingly, the fourth private interest factor also weighs against transfer.

**C. Public Interest Factors**

   1. **Administrative Difficulties**

The first public interest factor concerns administrative difficulties arising from court congestion. Defendants concede that this factor weighs "slightly in favor of retaining the lawsuit in the Western District of Texas" because the Northern District of Texas has more cases pending on its docket than does this District. Dkt. 3 at 12.

   2. **Local Interest in the Litigation**

The only other contested public interest factor Defendants raise is the desirability of having localized interests decided in a party's home district.[2] "This factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005). Defendants argue that "the core of Plaintiffs' claims, which assert Perry's failed to comply with FLSA wage requirements regarding tip pool contribution, side work and business expenses, concern actions all of which allegedly occurred in the Dallas Division of the Northern District of Texas." Dkt. 3 at 12. Defendants further that contend that "nothing about this lawsuit has anything to do with the Western District of Texas." *Id.* Thus, Defendants argue, only Dallas residents have an interest in this case.

The Court concludes that this factor is neutral. The work that the Plaintiffs performed for which they seek to recover overtime pay occurred in the Northern District of Texas, but Defendant Perry, the owner and operator of the Perry's restaurants, resides in Austin. In addition, RLP's headquarters are in Houston, not Dallas.

Plaintiffs allege that the PRL employees who created and implemented the challenged payroll policies did so out of PRL's headquarters in Houston. Thus, residents in Austin, Houston, and

---

[2] Defendant concedes that the remaining public-interest factors are "neutral." Dkt. 3 at 13.

Dallas presumably have an interest in this litigation. *See Mallory v. Lease Supervisors, LLC*, No. 3:17-CV-3063-D, 2018 WL 1457250, at *5 (N.D. Tex. Mar. 23, 2018) (concluding that local interest factor was neutral where work plaintiffs performed for which they sought to recover unpaid overtime pay occurred in Northern District of Texas, but defendant operated out of Western District of Texas); *Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 573 (N.D. Tex. 2005) (holding that events at issue in FLSA class action took place at each store where a plaintiff worked and at store's headquarters where plaintiffs' payroll and timekeeping policies allegedly were set). Defendants offer no convincing reason why residents of the Northern District of Texas have a greater interest in this FLSA dispute than residents of this District.

**D. Conclusion**

In sum, because all of the relevant factors either weigh against transfer or are neutral, Defendants have failed to sustain their burden to show good cause for the transfer by "clearly demonstrating" that a transfer is for the convenience of parties and witnesses, in the interest of justice. *In re Volkswagen*, 545 F.3d at 315. "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* Accordingly, Defendants' Motion to Transfer should be denied.

## IV.  Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Transfer Venue to the Northern District of Texas (Dkt. 3).

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.[3]

---

[3] A Joint Motion for Entry of Scheduling Order Deadlines (Dkt. 15) is pending before the District Court.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 29, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE