IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CANDICE PASCHAL and PEDRO ZARAZUA JR.**, individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)<br><br>*Plaintiffs,*<br><br>v.<br><br>**PERRY'S RESTAURANTS LTD d/b/a Perry's Steakhouse and Grille; and CHRISTOPHER V. PERRY,** individually<br><br>*Defendants.* | No. 1:22-cv-00027-RP<br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF [44] PLAINTIFFS' SUPPLEMENTAL BRIEFING PHASE 1 DISCOVERY** |

### A. The *Swales* Standard for Notice of a Collective Action Does Not Modify the "Similarly Situated" Requirement Under Section 216(b)

On January 12, 2021, the Fifth Circuit reached a decision on interlocutory appeal concerning "[h]ow rigorously, and how promptly, should a district court probe [into] whether potential members are 'similarly situated' and thus entitled to court-approved notice of a pending collective action?" *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 433 (5th Cir. 2021). In *Swales*, the Fifth Circuit, rather than adopting a "certification" standard, "embrace[d] interpretive first principles: (1) the FLSA's text, specifically § 216(b), which declares (but does not define) that only those 'similarly situated' may proceed as a collective;[1] and (2) the Supreme Court's admonition that while a district court may 'facilitate[e] notice to potential plaintiffs' for case management purposes, it cannot signal approval of the merits or otherwise stir up litigation." *Swales*, 985 F.3d 434 (quoting *Hoffmann-La Roche Inc.*, 493 U.S. 165, 169).

"These [requirements] are the only binding commands on district courts." *Swales*, 985 F.3d 434. The Fifth Circuit, in *Swales*, further explained that—

> "[t]he trial court's notice-giving role is pivotal to advancing the goals and evading the dangers of collective actions. An employee cannot benefit from a collective action without 'accurate and timely notice,' as the Supreme Court put it in *Hoffman-La Roche, Inc. v. Sperling*. The Court never mentioned any 'certification' process, but stated that district courts may oversee the notice and opt-in process. And since written consent is required by statute, a court's notice-sending authority is 'inevitable' in cases involving numerous potential plaintiffs. *Id.*
>
> "The bottom line is that the district court has broad, litigation-management discretion here. To be sure, that discretion is cabined by the FLSA's 'similarly situated' requirement and the Supreme Court's decision in *Hoffman La-Roche*." *Swales*, 985 F.3d 430, 443.

As the Supreme Court noted, in *Hoffmann-La Rouch*, "[t]he judicial system benefits by

---

[1] "The FLSA permits collective actions where the allegedly aggrieved employees are 'similarly situated.'" *Green v. Perry's Rests. LTD*, No. 21-cv-0023-WJM-NRN, 2022 U.S. Dist. LEXIS 202548, at *6 (D. Colo. Nov. 7, 2022) (citing 29 U.S.C. § 216(b)). Section 216(b) of the FLSA provides that employees "'may be maintained against any employer. . .in any Federal or State court of competent jurisdiction" individually and on behalf of other "similarly situated" employees. *Hoffmann-La Roche*, 493 U.S. 165, 173 (citing 29 U.S.C. § 216(b)).

2

efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." 493 U.S. at 170. These "benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*.

Therefore, in line with *Swales* and Supreme Court precedent in *Hoffmann-La Rouch*, here, discovery pertaining to potential collective members is relevant and proportional, at minimum, to identify potential witnesses that have knowledge of the compensation and employment policies at Perry's locations other than where Plaintiffs and Opt-In Plaintiffs worked. *See Hoffmann-La Roche*, 493 U.S. 165, 169 (holding "[t]he District Court was correct to permit discovery of the names and addresses of the discharged employees.[2] Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of this case."); *see also Spillers v. La. Phs*, No. 3:21-00762, 2021 U.S. Dist. LEXIS 249786, at *13 (W.D. La. Nov. 16, 2021) ("the scope of discovery did not exclude information pertaining to putative collective action or class members who worked out of state"); *Rogers v. 12291 CBW, LLC*, No. 1:19-CV-00266-MJT, 2021 U.S. Dist. LEXIS 56569, at *4-5 (E.D. Tex. Mar. 15, 2021) ("Pre-notice discovery shall be conducted as follows. . .Defendants must produce…the class list, which shall include the names, dates of work, addresses, telephone numbers and email addresses for all current and former exotic dancers who worked for Defendants at the Temptations Beaumont location or the Temptations

---

[2] At the District Court, the "respondents moved for discovery of the names and addresses of all similarly situated employees" to ensure "all potential plaintiffs would receive notice of the suit[.]" *Hoffmann-La Roche*, 493 U.S. 165, 168. "To resolve these matters the District Court ordered petitioner to produce the names and addresses of the discharged employees." *Id*.

Fort Worth location and were classified as independent contractors at any time from June 18, 2016 to the present. . . .This list of workers must be used only for the purpose of demonstrating that similarly situated plaintiffs exist.").

Contrary to Defendant's argument [Doc. 45 at p. 6], whether servers who worked at other Perry's locations in Texas were subject to the same compensation and employment policies goes directly to the issue of notice and Plaintiffs' ability to demonstrate that the proposed collective is "similarly situated" under § 216(b). *See Collective Action Compl.*, [Doc. 1 at pp. 13-14 ¶ 47]. *See e.g.*, *Spillers*, 2022 U.S. Dist. LEXIS 94272, at *8-9 ("district courts still do not have a definition of 'similarly situated'. . . .[thus] the pertinent inquiry is whether the plaintiffs have demonstrated similarity among the individuals, which may be established by showing 'some factual nexus which binds' plaintiffs and the potential opt-in members as alleged victims of a particular policy or practice.") (citing *Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2021 U.S. Dist. LEXIS 101258, at *15-16 (W.D. Tex. May 28, 2021) ("collective actions allow 'plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources' while also benefitting the judicial system 'by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [wrongful] activity.'") (quoting *Hoffmann-La Roche Inc.*, 493 U.S. 165, 170); *Hernandez v. Pritchard Indus. (Southwest), LLC*, No. SA-20-CV-00508-XR, 2021 U.S. Dist. LEXIS 56675, at *5 (W.D. Tex. Mar. 25, 2021) ("'Post-*Swales*, the question the Court must answer now is the same question it would ask at the second stage of the *Lusardi* analysis: are Plaintiffs and Opt-Ins sufficiently 'similarly situated' such that this case should proceed on a collective basis?").

Therefore, discovery of documents and communications demonstrating that Defendant maintains a centralized human resource department, enforces the same employment policies and

procedures across all Texas locations, compensates all servers in the same manner, requires all servers to contribute tips to a tip pool, and requires all servers to perform nontipped work while being paid $2.13 per hour[3]—are within the scope of discovery and directly relevant to the determination of whether Plaintiffs are similarly situated to the putative collective members.

Indeed, "allowing the putative plaintiffs to sue collectively would lower their costs and allow the Court to efficiently resolve common issues of law and fact that pertain to the proposed collective of [servers] in one proceeding instead of in multiple individual proceedings." *Compare Francis-Luster v. Kelley Law Firm, P.C.*, No. 3:19-CV-2708-L-BK, 2022 U.S. Dist. LEXIS 33300, at *12 (N.D. Tex. Feb. 10, 2022) *with Helgason v. Perry's Rests., Ltd.*, No. 3:20-CV-1573-S (N.D. Tex. Nov. 10, 2021) (denying motion for notice under *Swales* and dismissing opt-ins, which resulted in refiling multiple individual proceedings[4] involving common issues of law and fact).[5]

Moreover, Defendant relies on "the volume of documents [Defendant] has already produced in the *Paschal* case and the 'Seven Austin Lawsuits' case[s]" to support its argument that Plaintiffs "do not need further discovery…in connection with the *Swales* protocol…." *Def's Response*, [Doc. 45 at pp. 3-4]. However, Defendant's document production in *Paschal*, *see* "Attachment B" [ECF No. 45-1], identifies a total of 6,553 pages of which 5,077 pages pertain

---

[3] *See e.g., Pls' Phase 1 Discovery Requests for Production*, [Doc. 32-1 at pp. 5-6] (Pls' Req for Prod Nos. 5, 6, 7, and 10).

[4] *Martinez; Neuman; Brewer Jr.; Linn; Tatum; and Clarke v. Perry's Restaurants Ltd. ("PRL")*, No 1:21-cv-01053; *Demoss v. PRL*, No. 1:21-cv-01054; *Elizondo and Martinez v. PRL*, No. 1:21-cv-01055; *Hunzelman, Adashefski, Dobelbower, and Vilbig v. PRL*, No. 1:21-cv-01056; *Keefe v. PRL*, No. 1:21-cv-01057; *Ramirez and Dickman v. PRL*, No 1:21-cv-01058; *Sharif, Ferracioli, Scott, and Sebikali v. PRL*, No 1:21-cv-01060.

[5] Defendant omits that the parties did not conduct notice discovery under the new *Swales* standard. *See Court Transcript in Helgason* Exhibit 3 at p. 6:7-18. Notably, after Plaintiffs' Motion for Notice was denied, and the parties completed discovery, Defendant's own document production revealed that several other servers, including opt-in plaintiffs—who were dismissed, were subject to the same policies in violation of the FLSA as the Named Plaintiffs.

solely to the alleged "tip pool recipients"— individuals who are ***not servers***.[6] The documents identified in "Attachment B" [Doc. 45-1] and produced in *Paschal* also consist of 5,894 pages that are duplicative of Defendant's production in the "Seven Western District" cases.[7] Defendant also argues that Plaintiffs' discovery requests pertaining to Notice and other similarly situated individuals—servers who worked for Defendant in Texas is not proportional or within the scope of discovery pursuant to *Swales*. Yet, Defendant finds no issue with producing discovery (5,077 pages) pertaining to alleged "tip pool recipients"— individuals who are ***not servers.*** Therefore, Defendant clearly seeks to prevent the production of discovery directly relevant to others who worked as servers by asserting such discovery is not within the scope of discovery or proportional.

**B.    Defendant's objections, "other than [] objections on the basis of attorney-client work product privilege[,]" are waived.[8]**

Although Defendant has waived its objections, Defendant has not amended its responses to Plaintiffs' Discovery Requests in accordance with the *Court's Order* [Doc. 41 at p. 4]. Moreover, Defendant still has not produced any documents (including, emails) in response to Plaintiffs' Request for Production Nos. 4, 5, 6, 7, 10, 11, and 15. *See Plaintiffs' Exhibit 4*.

*   *   *

**PRAYER**

Accordingly, Plaintiffs respectfully request this Court to overrule Defendant's proportionality objections.

---

[6] *See Def's "Attachment B" in Paschal*, [Doc. 45-1 at pp. 3-18] (PERRY'S (1_22-cv-00027) 001471–06553 consists of two (2) types of documents: "Tip Pool Distribution Recaps" and "Tip Pool Receipt Paycheck Stubs"). See Pls'

[7] *Compare Def's "Attachment B" in Paschal*, [Doc. 45-1 at pp. 1-18] (PERRY'S (1_22-cv-00027) 000659–06553) (for the court reference, Doc. 45-1 is *attached as* Exhibit 1) with *Def's "Attachment B" in Martinez*—Seven Austin Cases, [Doc. 45-2 at pp. 3, 6-11, 16-26] (for the court's reference, Doc. 45-2 is *attached as* Exhibit 2). Additionally, the highlighted documents and bates numbers in Plaintiffs' Exhibit 1 and Exhibit 2 represent the duplicate documents produced in *Paschal* and the Seven Western District Cases.

[8] *Court Order*, [Doc. 32 at p. 4].

Respectfully submitted,

By: /s/ Drew N. Herrmann
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com
Allison H. Luttrell
Texas Bar No. 24121294
allison@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102
ATTORNEYS FOR PLAINTIFFS
AND COLLECTIVE MEMBERS

CERTIFICATE OF SERVICE

I certify that on November 14, 2022 the above document will be filed via CM/ECF, which will cause a copy to be served on all counsel of record.

/s/ Drew N. Herrmann
Drew N. Herrmann