UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

*****************************************************************

EXHIBIT 3

RIAN HELGASON and CAROLINE CRAWFORD, individually and on behalf of All others similarly situated under 29 U.S.C. § 216(b),

Plaintiffs,

VS.

PERRY'S RESTAURANTS LTD; PERRY'S LLC; PBS HOLDINGS, INC.; and LEASING ENTERPRISES, LTD, collectively D/b/a Perry's Steakhouse and Grille; and CHRISTOPHER V. PERRY, individually,

Defendants.

CASE NO. 3:20-cv-01573-S

*****************************************************************

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
HEARD BEFORE THE HONORABLE KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

FEBRUARY 9, 2021

*****************************************************************

APPEARANCES:

FOR THE PLAINTIFFS:

Mr. Drew N. Herrmann
HERRMANN LAW, PLLC
801 Cherry Street
Suite 2365
Fort Worth, Texas 76102
drew@herrmannlaw.com

A P P E A R A N C E S
(Continued)

FOR THE PLAINTIFFS:

Ms. Pamela Herrmann
HERRMANN LAW, PLLC
801 Cherry Street
Suite 2365
Fort Worth, Texas 76102
pamela@herrmannlaw.com

FOR THE DEFENDANTS:

Mr. Lionel M. Schooler
JACKSON WALKER
1401 McKinney
Suite 1900
Houston, Texas 77010
lschooler@jw.com

Mr. Scott M. McElhaney
JACKSON WALKER
2323 Ross Ave
Suite 600
Dallas, Texas 75201
smcelhaney@jw.com

Ms. Brooke Willard
JACKSON WALKER
1401 McKinney
Suite 1900
Houston, Texas 77010

Official Court Reporter:

Thu Bui, CSR, RMR, CRR
1100 Commerce Street, #1654
Dallas, Texas 75242
(214) 753-2354

Proceedings recorded by mechanical stenography, transcript produced via computer.

INDEX

| | PAGE |
| --- | --- |
| Appearances.......................... | 1 |
| Proceedings.......................... | 4 |
| Adjournment.......................... | 9 |
| Reporter's Certificate................ | 10 |

**P R O C E E D I N G S**

(Call to order of the court.)

THE COURT: This is Case Number 3:20-cv-01573-S, Helgason, et al., versus Perrys Restaurant, Ltd., et al.

Counsel, please state your appearance. Let's start with the plaintiffs.

MR. HERRMANN: Drew Herrmann, counsel for the plaintiffs.

MS. HERRMANN: Pamela Herrmann, counsel for the plaintiffs.

THE COURT: And on behalf of the defendants.

MR. SCHOOLER: Good morning, Your Honor. Lionel Schooler of Jackson Walker for defendants. I'm accompanied by Scott McElhaney and Brooke Willard of our firm.

THE COURT: Counsel, thank you for participating in this initial hearing on this transfer to my court, which I welcome. We went over several things, but I think the only things that I need to put on the record are the following:

First, the scheduling order that Judge Brown signed off before the transfer, ECF Number 16, with the exception of the paragraph toward the end that talks administratively about where to send e-mails to, it's my understanding that counsel agrees that this schedule -- scheduling order is appropriate and there's nothing further on this initial phase of this FLSA action that needs to be done

with respect to the scheduling order.

Am I right, Mr. Herrmann?

MR. HERRMANN: That's right, Your Honor.

THE COURT: Mr. Schooler?

MR. SCHOOLER: Yes, Your Honor.

THE COURT: Okay. And then what's next on the plate is the parties -- the plaintiffs has filed a motion for conditional certification and notice under Section 216(b) that was filed as ECF Number 17. This has been, from what I could see from the pleadings, extensively briefed by both sides. However, all of the parties are aware within a month ago, the Fifth Circuit issued its opinion in *Swales v. KLLM Transport Services* which changed the landscape in FLSA actions in which it explicitly reject the Lusardi approach, and the Lusardi approach was applied in the party's initial briefing in the motion for conditional certification.

Swales does direct the district court to employ a more rigorous fact intensive inquiry into whether potential members of the action are similarly situated before issuance of notice and collective treatment. Moreover, Swales requires the district court to consider all available evidence when determining whether and to whom notice should be issued.

The Court does acknowledge, with thanks, that the parties filed supplemental briefing in light of Swales, which include the defendants' supplement to opposition, filed as ECF

Number 33, and plaintiffs' supplemental reply, filed as ECF Number 36. But given the substantial shift in the legal standard that covers who should and not should receive notice in participating in a collective action, the Court finds that the more targeted briefing, in light of Swales and its impact, on specific circumstances of this case is necessary.

Accordingly, the Court exercise its discretion provided by law under the Fifth Circuit to deny -- because of Swales in changing the landscape -- plaintiffs' motion for conditional certification and notice under Section 21 -- 216(b) without prejudice to re-filing a motion that now takes up this change in landscape, as I've described, and afford both parties the opportunity, in light of Swales, if necessary, to conduct additional discovery.

But, again, I'm not reaching the discovery issue, but I do want to state that that is something that Swales addresses, and we anticipate that you will be addressing in your new motion for conditional certification.

So, again, it's without prejudice to re-file. The Court looks forward to that. And please understand that I expect this new motion for conditional certification to be standalone as well as responses, et cetera, thereto. In the event there are attachments -- I don't want you referring back to prior motions or prior responses or supplemental responses or reply. It needs to be standalone. It will be cleaner for

the record for this Court and any reviewing court in the future.

Any questions about that, Mr. Herrmann?

MR. HERRMANN: None, Your Honor.

THE COURT: Okay. Mr. Schooler?

MR. SCHOOLER: The only question I have, Your Honor, is a timetable for us to respond once we get Mr. Herrmann's new motion.

THE COURT: It'll be the same as if it's a brand-new motion. So it'll be under the rules.

MR. SCHOOLER: Very good.

THE COURT: So it's not truncated at all because it's a redo of your supplement because -- given -- and you can pull the record on this, too. I deliberately articulated my view of Swales at this initial stage and what I expect the parties to address, and I have no idea whether it's sufficiently addressed in the supplemental version.

So, no, everybody's going to get the appropriate timetable under the rules for a response as well as a reply. And if a sur-reply is necessary, you just ask for leave of Court. And -- I can't think of anytime that I have denied a sur-reply. I might truncate that, but, you know...

Any other questions, Mr. Schooler?

MR. SCHOOLER: Yes, Your Honor. I'm looking at Docket Number 16, which was Judge Brown's original scheduling

order. She did set up a timetable where once the plaintiffs had filed a motion, we had 28 days to respond, and then they had 14 days after that to reply. I think that was --

THE COURT: What do you want?

MR. SCHOOLER: Given the breadth, Your Honor, we prefer the 28 days, if possible.

THE COURT: And -- in other words, the same order as set forth in ECF Number 16?

MR. SCHOOLER: Yes, Your Honor, that's correct.

THE COURT: Okay. Mr. Herrmann, 28 days and you get 14 days?

MR. HERRMANN: Your Honor, yes, that's -- that's appropriate.

THE COURT: Do you want more than 14 days? 'Cause I sure can give it to you.

MR. HERRMANN: No. We -- again, 'cause of the ruling of statute of limitations, we're going to get moving.

THE COURT: All right. So while we're on the record -- and I will probably memorialize this in an order, an electronic order. Once plaintiffs files a motion for notice of conditional certification -- and then I'm going to leave it up to you. I'm not going to say you must do it within a certain time period, Mr. Herrmann. Once that is done -- and I know you'll expedite it. That's why I don't have to tell you -- the defendants shall respond in 28 days and the plaintiffs shall

reply to the response within 14 days.

Any objection to that, Mr. Herrmann?

MR. HERRMANN: None, Your Honor.

THE COURT: Mr. Schooler?

MR. SCHOOLER: None, Your Honor. Thank you.

THE COURT: They were good questions. Any others, Mr. Schooler?

MR. SCHOOLER: No, Your Honor, not at this time.

THE COURT: Okay. With no further questions or comments that are needed on the record, we are adjourned from the record.

(WHEREUPON, the proceedings were adjourned.)

* * * *

REPORTER'S CERTIFICATE

I, Thu Bui, CRR, RMR, Official Court Reporter, United States District Court, Northern District of Texas, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

/s/ Thu Bui
Official Court Reporter