# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CANDICE PASCHAL and PEDRO ZARAZUA, JR., et al. | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 1:22-CV-00027-RP |
| PERRY'S RESTAURANTS LTD d/b/a PERRY'S STEAKHOUSE AND GRILLE and CHRISTOPHER V. PERRY, Individually | § § § § § § | |
| Defendants. | § § | |

**EXHIBIT 4**

## DEFENDANT PERRY'S STEAKHOUSE AND GRILLE'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' PHASE 1 NOTICE
## DISCOVERY REQUESTS FOR PRODUCTION

TO:   PLAINTIFFS CANDICE PASCHAL and PEDRO ZARAZUA, JR., by and through their counsel of record, Drew N. Herrmann and Pamela G. Herrmann, HERRMANN LAW, PLLC, 801 Cherry St., Suite 2365, Fort Worth, TX 76102.

Pursuant to the Federal Rules of Civil Procedure, Defendant Perry's Restaurants Ltd. d/b/a Perry's Steakhouse and Grille ("Perry's") serves these Responses and Objections to Plaintiffs' Phase 1 Notice Discovery Requests for Production.

DATED this 22nd day of September, 2022.

Respectfully submitted,

JACKSON WALKER L.L.P.

/s/ *Lionel M. Schooler*
LIONEL M. SCHOOLER (SBN 17803300)
BROOKE WILLARD (SBN 24109466)
1401 McKinney Ave., Suite 1900
Houston, Texas  77010
Telephone: (713) 752-4516 (direct)
Facsimile: (713) 308-4156 (direct fax)
E-mail: lschooler@jw.com

MATT DOW (SBN 06066500)
100 Congress St., Suite 1100
Austin, Texas 78701
(512) 236-2230
E-mail: mdow@jw.com

ATTORNEYS-IN-CHARGE FOR DE-
FENDANT PERRY'S RESTAURANTS,
LTD.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above Defendant Perry's Steakhouse and Grille serves these Responses and Objections to Plaintiffs' Phase 1 Notice Discovery Requests for Production were sent by email to counsel for Plaintiffs, Drew N. Herrmann (24086523), drew@herrmannlaw.com, and Pamela G. Herrmann (24104030), pamela@herrmannlaw.com, Herrmann Law, PLLC, 801 Cherry St., Suite 2365, Fort Worth, TX 76102, on this 22nd day of September, 2022.

/s/ *Lionel M. Schooler*
Lionel M. Schooler

# ATTACHMENT "A"

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

PLEASE NOTE: In light of the confidential and proprietary nature of the documents being requested herein, PRL conditions its production of any responsive documents upon advance entry of an appropriate protective order by the Court to protect such confidential and proprietary information pursuant to the provisions of FED.R.CIV.P. 26(c). The documents being produced are listed in Attachment "B" attached to the Responses to the pending document requests. Further, PRL is answering for itself, and not for any individual who might serve as a corporate affiliate or employee.

**REQUEST NO. 1:** Personnel file and pay records for each Plaintiff and Opt-in Plaintiff.

**RESPONSE:** PRL will produce the documents it retains in its possession, custody or control for these individuals. *See* Attachment "B."

**REQUEST NO. 2:** Produce a complete copy of the employee handbook, including table of contents and index of any employee handbook, code of conduct, or policies and procedures manual for each of Perry's Steakhouse & Grille locations in Texas.

**RESPONSE:** PRL will produce the operative Employee Handbook. *See* Attachment "B."

**REQUEST NO. 3:** Produce a complete copy of PRL's Server Development Guide(s) and PRL's Server Training Schedule(s) (this includes any table of contents) which Plaintiffs and each individual in the PROPOSED COLLECTIVE were subject to during the RELEVANT TIME PERIOD.

**RESPONSE:** PRL will produce the operative Server Development Guide. *See* Attachment "B."

**REQUEST NO. 4:** All DOCUMENTS concerning PRL's hiring and training policies or procedures for Plaintiffs and each individual in the PROPOSED COLLECTIVE during the RELEVANT TIME PERIOD.

**RESPONSE:** *See* Response to Request No. 3. *See* Attachment "B."

**REQUEST NO. 5:** All DOCUMENTS pertaining to PRL's use of Hot Schedules, or any other POS System to create and manage work schedules, including staff availability, shift changes, and house shifts for Plaintiffs and each individual in the PROPOSED COLLECTIVE during the RELEVANT TIME PERIOD.

**RESPONSE:** Because of the potential volume of documents requested in Request No. 5, PRL will produce a sample of such Hot Schedules for the location(s) where Plaintiffs or the opt-in claimants worked. *See* Attachment "B."

**REQUEST NO. 6:** All DOCUMENTS, communication, instructions, and directives issued or sent from PRL, PRL's management, or PRL's Human Resources Department concerning

3

PRL's Tip Sharing, Tip Pooling, Tip Reporting, and Server Checkout procedures for Plaintiffs and each individual in the PROPOSED COLLECTIVE.

**RESPONSE:**   *See* Response to Request Nos. 1 and 3.

**REQUEST NO. 7:**   All email communications, including email attachments, sent from, and sent to, Sarah Cotaya ("Cotaya") Perry's email address [sarah@perrysrestaurants.com] relating to, or identifying server job duties, servers' compensation, servers' work schedules, servers' training, server POS procedures, and tip share and tip reporting. This request seeks all email communications including emails where Ms. Cotaya's Perry's email address is cc'ed (carbon copied) or Bcc'ed (blind copied).

**RESPONSE:**   This Request exceeds the bounds of proportionality imposed by FED.R.CIV.P. 26. PRL will produce available communications it is able to locate for the period of time that Plaintiffs were employed by PRL as servers at the location(s) where they were employed.  *See* Attachment "B."

**REQUEST NO. 8:**   All DOCUMENTS and policies relating to, or identifying, tip pool and tip sharing policies, side work duties, opening duties, closing duties, server checklists, and work schedules implemented at each of the Perry's Steakhouse & Grille locations in Texas.

**RESPONSE:**   As indicated above, much of this information is contained in documents already being produced.  *See* Response to Request Nos. 2 and 3.

**REQUEST NO. 9:**   All DOCUMENTS, including server shift checklists, opening checklist, closing checklist and assignments, lunch checklist, cleaning procedures, and any other documents identifying all job duties and assignments for SERVERS.

**RESPONSE:**   *See* Response to Request No. 8.

**REQUEST NO. 10:**   All DOCUMENTS, including timekeeping policies and procedures, electronic and paper timecards or time sheets, and any other type of records used by PRL to track hours worked and work schedules of Plaintiff and each individual in the PROPOSED COLLECTIVE during the RELEVANT TIME PERIOD.

**RESPONSE:**   This Request exceeds the bounds of proportionality imposed by FED.R.CIV.P. 26. PRL will produce a sample of such documentation for Plaintiffs and those opt-in claimants who worked at the same location.

**REQUEST NO. 11:**   All DOCUMENTS, including pay records identifying the rate of pay, job position, job code, and the compensation paid to Plaintiffs and each individual in the PROPOSED COLLECTIVE. This includes paycheck stubs, wage summaries, payroll action sheets, and deduction and tax documents.

**RESPONSE:**   This Request exceeds the bounds of proportionality imposed by FED.R.CIV.P. 26. *See* Response to Request No. 1.

**REQUEST NO. 12:** All DOCUMENTS identifying, concerning, or describing your COMPUTER SYSTEMS (this includes, but is not limited to, any Point-of-Sale System(s)) used to

track hours worked, tips earned or received, and tips contributed to a tip pool at PRL by Plaintiffs and each individual in the PROPOSED COLLECTIVE.

**RESPONSE:**   Because of the potential volume of documents requested in Request No. 12, PRL will produce one or two samples of documentation provided by the vendor(s) of the computer system identified in that Request.

**REQUEST NO. 13:**  All DOCUMENTS, including employment agreements, authorizations, acknowledgements, or any other documents regarding payroll deductions or adjustments that PRL provided to Plaintiffs and each individual in the PROPOSED COLLECTIVE during the RELEVANT TIME PERIOD.

**RESPONSE:**   There are no employment agreements as such between PRL and Plaintiffs or other servers who have opted-in.  To the extent any particular individual Plaintiff or opt-in claimant is subject to a specific payroll deduction arising out of a debt obligation, e.g., child support or unpaid taxes, any such document would be contained in that individual's personnel file.  *See* Response to Request No. 1.

**REQUEST NO. 14:**  All DOCUMENTS and policies identifying PRL's uniform, attire, and appearance requirements for Plaintiffs and each individual in the PROPOSED COLLECTIVE during the RELEVANT TIME PERIOD.

**RESPONSE:**   *See* Responses to Request Nos. 2 and 3.

**REQUEST NO. 15:** All DOCUMENTS identifying the compensation policy or policies, including Server Checkout procedures implemented by PRL at each of the Perry's Steakhouse & Grille locations in Texas during the RELEVANT TIME PERIOD.

**RESPONSE:**   Documents requested in Request No. 15 are to a large extent contained in the individual personnel files of the Plaintiffs and the opt-in claimants, which are being produced.  *See* Response to Rerquest No. 1.  Other procedures are described in the documents being produced in response to Request Nos. 2 and 3.