# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CANDICE PASCHAL and PEDRO ZARAZUA, JR.,** individually and on behalf of all others similarly situated, <br> *Plaintiffs* <br><br> v. <br><br> **PERRY'S RESTAURANTS LTD** d/b/a **PERRY'S STEAKHOUSE AND GRILLE and CHRISTOPHER V. PERRY,** individually, <br> *Defendants* | § § § § § § § § § § § § § <br><br> Case No. 1:22-cv-00027-RP |

## ORDER

Now before the Court are:

- Plaintiffs' Motion to Compel Phase One Discovery Responses, filed September 13, 2022 (Dkt. 32);

- Defendant's Response, filed September 23, 2022 (Dkt. 35);

- Plaintiffs' Reply, filed September 29, 2022 (Dkt. 37);

- Plaintiffs' Advisory Regarding the Status of Discovery and Issues Raised in Plaintiffs' [32] Motion to Compel, filed October 13, 2022 (Dkt. 39);

- Plaintiffs' Supplemental Briefing Regarding Phase I Discovery, filed October 28, 2022 (Dkt. 44);

- Defendant's Response to Plaintiffs' Supplemental Briefing Regarding Phase One Discovery, filed November 4, 2022 (Dkt. 45); and

- Plaintiffs' Reply in Support of [44] Plaintiffs' Supplemental Briefing Phase I Discovery, filed November 14, 2022 (Dkt. 46).[1]

The Court held a hearing on Plaintiffs' Motion to Compel on October 17, 2022. On October 19, 2022, the Court entered an Order (1) granting the Motion to the extent that Defendant Perry's

---

[1] By Text Order entered September 16, 2022, the District Court referred Plaintiffs' Motion to Compel to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

Restaurants LTD waived all objections to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories other than attorney-client or work product privilege by failing to timely respond to those requests, and (2) requiring further briefing concerning the scope of discovery at this preliminary stage of this putative collective action. Dkt. 41. The Court stated that: "Although Defendant has waived its objections to Plaintiffs' first sets of discovery requests, the discovery Plaintiffs seek nonetheless must be proportional to the needs of these cases pursuant to Rule 26(b)(1)." *Id.* at 4. Specifically, the Court ordered the parties to address "whether Defendant must produce records pertaining to employees other than the named and opt-in plaintiffs." *Id.* at 7.

Having carefully considered the parties' supplemental briefs, the Court now enters this Order.

## I.  Background

This is one of eight cases[2] pending in the District Court against Perry's Restaurants and Christopher V. Perry (collectively, "Defendants") asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). Plaintiffs allege that Defendants have a policy and practice of paying their servers, including Plaintiffs, a subminimum hourly wage and fail to meet the FLSA tip credit exception, which provides that employers may pay less than the general minimum wage to a "tipped employee." 29 U.S.C. § 203(m). Plaintiffs allege that Defendants do not qualify for the tip credit because Defendants did not allow Plaintiffs to retain all their tips and required Plaintiffs to contribute 4.5% of their tips to an illegal tip pool; incur and pay for business expenses; perform non-tipped work unrelated to Plaintiffs' tipped occupation; and perform non-tipped work exceeding 20% of their time worked each workweek. Plaintiffs allege that the tip pool was unlawful because it included bussers and food runners, even if they were not staffed for a shift, and that tips earmarked for bussers were not distributed to them.

---

[2] 1:21-cv-01053; 1:21-cv-01054; 1:21-cv-01055; 1:21-cv-01056; 1:21-cv-01057; 1:21-cv-01058; 1:21-cv-01060; and this collective action complaint.

Plaintiffs identify the following proposed collective of similarly situated employees:

> All individuals who worked as servers for Defendants in Texas at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than minimum wage.

Dkt. 1 ¶ 47.

On July 25, 2022, the District Court granted the parties' joint request for phased discovery. Dkt. 29. The District Court ordered that: "The parties shall have a period of ninety (90) days to conduct discovery relevant to the issue of whether notice should issue under 29 U.S.C. § 216(b)." *Id.* at 1.

Plaintiffs served Defendant Perry's Restaurant with Phase 1 Notice Discovery Interrogatories and Requests for Production on August 10, 2022. The parties remain in the first phase of discovery, comprising "issues related to resolving the question of whether other individuals are 'similarly situated' to Plaintiffs, and therefore, entitled to receive notice of their right to join this action pursuant to Section 216(b) of the FLSA." *Id.*

## II. Legal Standards

In *Swales v. KLLM Transp. Servs., L.L.C.*, the Fifth Circuit Court of Appeals addressed the proper scope of preliminary discovery in FLSA cases. The court stated that

> a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court, not the standards from *Lusardi* [*v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)], should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.

*Swales*, 985 F.3d 430, 441 (5th Cir. 2021). "The bottom line is that the district court has broad, litigation-management discretion here." *Id*. at 443.

3

The *Swales* decision "rejected the long-standing *Lusardi* two-step approach in which the district court would first decide whether a collective action should be conditionally certified at the outset of the case, and then make a second and final determination at the conclusion of discovery." *Helgason v. Perry's Rests., Ltd.*, No. 3:20-CV-1573-S, 2021 WL 9145369, at *2 (N.D. Tex. Nov. 10, 2021) (footnote omitted). Under *Swales*, preliminary discovery "must be limited to 'the material facts and legal conclusions necessary to determine whether a group of employees are similarly situated.'" *Verrett v. Pelican Waste & Debris, LLC*, No. 20-1035, 2021 WL 1732221, at *4 (E.D. La. Apr. 27, 2021) (quoting *Hebert v. Technipfmc USA, Inc.*, No. 4-20-CV-2059, 2021 WL 1137256, at *2, 5) (S.D. Tex. Feb. 5, 2021)).

Courts consider three factors to determine whether proposed collective action members are "similarly situated": "(1) the disparate factual and employment settings of the proposed plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each proposed plaintiff; and (3) fairness and procedural considerations." *Torres v. Chambers Protective Servs., Inc.*, No. 5:20-CV-212, 2021 WL 3419705, at *3 (N.D. Tex. Aug. 5, 2021). Similarity may be shown through employees' job duties, pay structure, and work policies and procedures. *See Rogers v. 12291 CBW, LLC*, No. 1:19-CV-00266-MJT, 2021 WL 1156629, at *2 (E.D. Tex. Mar. 15, 2021) (ordering pre-notice discovery of, *inter alia*, job duties, pay structure, and work policies and procedures). The term "similarly situated" does not mean that the proposed members are "identically situated." *Id.* at *4. Instead, the court must instead ask whether a plaintiff has "demonstrated similarity among the individual situations." *Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2021 WL 2187956, at *8 (W.D. Tex. May 28, 2021). The plaintiff may meet its burden by showing a factual nexus that binds the plaintiff and potential collective action members as alleged victims of a particular policy or practice. *Id.*

### III.   Analysis

The parties dispute the proper scope of preliminary discovery in this case under *Swales*. Plaintiffs seek discovery pertaining to servers who worked at any of Defendant's thirteen Perry's Steakhouse & Grille locations in Texas and were paid a direct cash wage of less than minimum wage. Plaintiffs argue that "whether servers who worked at other Perry's locations in Texas were subject to the same compensation and employment policies goes directly to the issue of notice and Plaintiffs' ability to demonstrate that the proposed collective is 'similarly situated' under § 216(b)." Dkt. 46 at 4.

> Therefore, discovery of documents and communications demonstrating that Defendant maintains a centralized human resource department, enforces the same employment policies and procedures across all Texas locations, compensates all servers in the same manner, requires all servers to contribute tips to a tip pool, and requires all servers to perform nontipped work while being paid $2.13 per hour—are within the scope of discovery and directly relevant to the determination of whether Plaintiffs are similarly situated to the putative collective members.

*Id.* at 4-5 (footnote omitted).

Defendant does not dispute that it must produce documents concerning (1) the overall tip pool distributions to tip pool recipients during the weeks in which Plaintiffs and the opt-in claimants were employed as servers; (2) paycheck stubs for tip recipients; and (3) weekly paycheck stubs of the named plaintiffs and the opt-in claimants. Dkt. 41 at 5. But Defendant argues that discovery should be limited to the named Plaintiffs and opt-in claimants. Defendant asserts that Plaintiffs' document requests impose an excessive burden, contending that production for all of its 1,800 servers could result in production of some 300,000 pages of documents. Dkt. 45 at 8. Defendant states that it has produced more than 16,000 pages of documents to Plaintiffs. Plaintiffs reply that Defendant has produced some duplicative documents, and that Defendant uses one company, ADP, to process payroll for all restaurant locations, minimizing the burden of production.

5

The parties cite few decisions by courts within the Fifth Circuit addressing the proper scope of pre-certification discovery under *Swales*, which is unsurprising in view of the recency of that opinion. Defendant extensively cites *Helgason*, 2021 WL 9145369, in which the Northern District of Texas denied a motion to issue notice to employees of Perry's Restaurants in a case asserting the same claims filed by the same plaintiffs' counsel as in this case. Based on the evidence presented in *Helgason*, the court found that plaintiffs "failed to meet their burden to show that all Perry's servers in Texas were similarly situated as to the tip pool claim, uniform deduction claim, and side work claims," and that it was not clear that additional discovery would help plaintiffs meet their burden. *Id.* at *4. Because the Northern District's decision not to certify the putative collective in *Helgason* was based on the evidence before that court, however, it is not dispositive of the proper scope of discovery Plaintiffs seek at the preliminary phase of this case.

The FLSA's similarity requirement "is something that district courts should rigorously enforce at the outset of the litigation." *Swales*, 985 F.3d at 443. The Court should authorize preliminary discovery as to the facts and legal considerations material to determining whether a group of Perry's Restaurants employees is similarly situated. *Id.* at 441. Again, the proposed collective of similarly situated employees Plaintiffs seek to certify pursuant to 29 U.S.C. § 216(b) is defined as:

> All individuals who worked as servers for Defendants in Texas at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than minimum wage.

The Court concludes that, to determine whether the identified group is similarly situated, preliminary discovery is material as to servers at all of Defendant's Texas locations, not just the named and opt-in plaintiffs. The Court agrees with Plaintiffs that: "Whether servers who worked at other Perry's Steakhouse & Grille locations were subject to the same compensation and employment policies goes directly to Plaintiffs' ability to demonstrate that the proposed collective is 'similarly situated' under § 216(b)." Dkt. 44 at 3. *Accord Florece v. Jose Pepper's Rests., LLC*,

6

No. 20-2339-TC-ADM, 2021 WL 351413, at *6 (D. Kan. Feb. 2, 2021) (granting motion to compel pre-certification discovery concerning servers employed at all thirteen of defendant's restaurants seeking "to determine whether defendants applied the same allegedly problematic pay policies and practices across the board").

Defendant cites *Verrett*, 2021 WL 1732221, in which the District Court for the Eastern District of Louisiana limited individualized discovery to the named plaintiff and the two opt-in plaintiffs, stating: "If Plaintiffs can make a showing that they are similarly situated then it may be permissible to expand the scope of individualized discovery beyond themselves and to others. Until such time, however, the Court finds it is premature." *Id.* at *4. *Swales* also states that, "[a]fter considering all available evidence," a district court may conclude that plaintiffs and opt-ins are not "similarly situated," or that it needs further discovery to make that determination. *Swales*, 985 F.3d at 443. Considering the alleged facts of this case, the Court is not persuaded that multiple rounds of pre-certification discovery will be necessary to determine whether the proposed class of all servers for Defendant in Texas are similarly situated.

Discovery also is required to ascertain whether the servers are similarly situated with respect to their pay. As stated, Plaintiffs seek discovery of documents and communications demonstrating that Defendant maintains a centralized human resource department, enforces the same employment policies and procedures across all Texas locations, compensates all servers in the same manner, requires all servers to contribute tips to a tip pool, and requires all servers to perform nontipped work while being paid $2.13 per hour. The Court agrees that discovery of these facts is material to determining whether Perry's Restaurants servers are similarly situated as to compensation policies.

Although Defendant produced summaries of pertaining to tip pool collection and distribution, Plaintiffs explain that "it is impossible to calculate the total amount of monies contributed to the

7

tip pool without referring to documents demonstrating each individual server's sales and tipshare amounts contributed to the tip pool each shift." Dkt. 44 at 6. For that reason, Defendant must produce the underlying documents. Plaintiffs have shown that discovery of these facts is material to determining whether a factual nexus binds them and the potential collective action members as alleged victims of a particular policy or practice – that is, whether servers at Perry's Restaurants in Texas are "similarly situated" with respect to their wages such that notice should issue under 29 U.S.C. § 216(b).

## IV.   Conclusion

In sum, the Court finds that Plaintiffs have shown the preliminary discovery they seek is necessary to permit the District Court to "rigorously enforce" the FLSA's similarity requirement at the outset of this litigation. For the foregoing reasons, Plaintiffs' Motion to Compel Phase One Discovery Responses (Dkt. 32) is **GRANTED**. Defendant is **ORDERED** to respond fully to Plaintiffs' First Set of Interrogatories and First Requests for Production, without objection, and produce all responsive documents on or before **December 16, 2022**.

Plaintiffs also contend that Defendant has failed to comply with the Court's Order of October 19, 2022 (Dkt. 41). Plaintiffs have not requested an award of their reasonable expenses incurred in making their Motion to Compel, but Defendant is admonished that it may face all appropriate sanctions under Rule 37 for continued failure to cooperate in discovery or comply with orders of the Court.

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on November 30, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE