IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CANDICE PASCHAL and PEDRO ZARAZUA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PERRY'S RESTAURANTS, LTD. et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 1:22-cv-00027-RP<br>§<br>§<br>§   JURY DEMANDED<br>§<br>§ |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR OBJECTIONS TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR NOTICE**

Defendants Perry's Restaurants, Ltd. and Christopher V. Perry present this Reply Brief in Support of Their Objections to Report and Recommendation on Plaintiffs' Motion for Notice:

1.  Before authorizing plaintiffs to send notice of a case to others, courts must "rigorously enforce" the "similarly situated" requirement of FLSA § 16(b) and require the plaintiffs to establish that there would be no need for an "individualized inquiry into each potential opt-in's circumstances" in order to establish a defendant's liability to other claimants under the claim being asserted. *Swales v. KLLM Transp. Servs.*, 985 F.3d 430, 441 & 443 (5th Cir. 2021). Plaintiffs' Response [ECF 81] fails to show that notice is proper under this standard. Indeed, the Response either fails to rebut or fails to address the arguments in Defendants' Objections [ECF 80] as to why this Court should deny Plaintiff's Motion for Notice [ECF 50]. This Reply will not repeat the Objections' arguments, but will merely set out a few limited points.

2.  Plaintiffs try to evade the significance of the fact that Judge Scholer of the Northern District of Texas, applying *Swales*, denied a motion for notice in a case in which the plaintiffs asserted the same FLSA claims Plaintiffs assert here and filed a motion to authorize notice to the

same set of employees identified in this Motion. *See* Resp., pp. 3-5. Plaintiffs argue that, in *Helgason*, their attorneys did not conduct discovery as *Swales* allowed. But the amount of discovery done is not the issue. The issue is the particular claims involved and what factual inquiries are required to decide whether Perry's is liable to a given claimant on those claims. On that level, *Helgason* is effectively the same. (The fact that the particular plaintiffs in *Helgason* had a payroll deduction for a replacement uniform, *see id.*, does not detract from the fact, noted below, that deciding whether that happened for each particular claimant is an individualized *liability* inquiry.)

3. Plaintiffs attempt to defend the recommended authorization of notice as to the sub-part of their invalid tip pool allegation based on their "not staffed"/"non-overlap" theory by arguing that the Court cannot look to the basis of their claim. *See* Resp., pp. 6-8. The Objections show why that is not so, and further point out that Plaintiffs (like the R&R) *also* fail to address the separate point that, even so, individual inquiries still overwhelm the analysis. *See* Objections, p. 9.

4. The attempt to justify notice on the sub-part of the invalid tip pool allegation based on the theory that tip pool recipients did not "customarily and regularly" receive tips, *see* Resp., pp, 8-10, likewise ignores the uniqueness of Plaintiffs' claim. Plaintiffs say bussers, food runners, bartenders and hosts do not "customarily and regularly" receive tips. But even the Fifth Circuit recognizes that those *are* jobs that "customarily and regularly" receive tips. *See Montano v. Montrose Rest. Assocs.*, 800 F.3d 186, 190-91 (5th Cir. 2015) (citing DOL guidance). Plaintiffs' unique claim here is that particular, otherwise qualified tip pool recipients performed a disqualifying amount of other duties. Individual determinations are necessary to decide whether Perry's is liable to any particular claimant, because liability under that theory turns on whether the level of allegedly disqualifying duties performed by a particular tip pool recipient is sufficient to support a jury finding that the recipient (a) did not engage in customer service or did not have sufficient exposure to customers, *see id.* at 191-93, and (b) failed to do so during each relevant workweek. *See*, *e.g.*,

**REPLY IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION – Page 2**

Grady Decl. pp. 4-5 (noting that analogous side work duties among servers were split among servers and varied).

5. Plaintiffs' argument that notice is proper based on their side work allegation does not rebut Defendants' showing in the Objections. Indeed, Plaintiffs only rely on other district court cases that pre-date *Swales* or arise outside of the Fifth Circuit and thus apply the *Lusardi* approach *Swales* rejected. Nothing changes the fact that (a) the R&R conflicts with the only decisions on a request for notice based on a side work theory decided under the *Swales* standard and (b) liability to any particular claimant turns on each individual's level of side work. *See* Objections, pp. 12-13.

6. Finally, notice is not justifiable based on the uniform/equipment claim. Plaintiffs' Response states that the R&R noted certain uniform deduction authorizations. But the Response fails to acknowledge that the forms to which the R&R referred are forms from the two plaintiffs in the *Helgason* case (Helgason and Crawford), accompanied by a blank form. Otherwise, nothing detracts from the fact that the record only shows sporadic deductions from payroll checks, which fails to show that any policy for payroll uniform deductions existed. The undisputed fact that *neither* of the named plaintiffs in this case had such a payroll deduction confirms this conclusion. *See* Objections, pp. 16-17. Plaintiffs then argue that notice is proper based on evidence that others claimed they paid for items outside of any payroll deduction process, either to Perry's or to third parties. But that evidence only shows that answering the *liability* question for each potential claimant would, as Judge Scholer found, "require[] a highly individualized inquiry into each server's circumstances." *Helgason*, 2021 U.S. Dist. LEXIS 218134, at *10. *See* Objections, p. 17; *see also id.* (citing Dep't of Labor, Wage & Hour Div., Op. Letter FLSA 2008-10, pp. 2-3 (Oct. 24, 2008) (noting circumstances in which employees are properly charged for additional uniform items).

For these reasons, the Court should sustain Defendants' objections, reject Plaintiffs' request to send notice, and deny the Motion.

**REPLY IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION – Page 3**

                        Respectfully submitted,

                        */s/ Scott M. McElhaney*
                        Lionel M. Schooler
                        Texas Bar No. 17803300
                        Brooke Willard
                        Texas Bar No. 24109466
                        **JACKSON WALKER LLP**
                        1401 McKinney Ave., Suite 1900
                        Houston, Texas 77010
                        Phone: (713) 752-4516
                        Fax: (713) 308-4156
                        Email: lschooler@jw.com
                        Email: bwillard@jw.com

                        Matt Dow
                        Texas Bar No. 06066500
                        **JACKSON WALKER LLP**
                        100 Congress Street, Suite 1100
                        Austin, Texas 78701
                        Phone: 512-236-2230
                        Email: mdow@jw.com

                        Scott M. McElhaney
                        Texas Bar No. 00784555
                        **JACKSON WALKER LLP**
                        2323 Ross Avenue, Suite 600
                        Dallas, Texas 75201
                        Phone: 214-953-6000
                        Fax: 214-953-5822
                        Email: smcelhaney@jw.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      This is to certify that on the 9th day of May, 2023, the foregoing document was filed via the Court's CM/ECF system, which has generated and delivered electronic notice of filing to all counsel of record who have consented to electronic service. This document has also been served on the Magistrate Judge in accordance with Rule 4 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

                        */s/ Scott M. McElhaney*