IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CANDICE PASCHAL and PEDRO ZARAZUA JR.**, individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)<br><br>*Plaintiffs,*<br><br>v.<br><br>**PERRY'S RESTAURANTS LTD** d/b/a Perry's Steakhouse and Grille; and **CHRISTOPHER V. PERRY**, individually<br><br>*Defendants.* | No. 1:22-cv-00027-RP<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE OPT-IN CONSENT FORMS AFTER THE CLOSE OF THE OPT-IN PERIOD** |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE OPT-IN CONSENT FORMS AFTER THE CLOSE OF THE OPT-IN PERIOD**

Plaintiffs Candice Paschal ("Paschal") and Pedro Zarazua Jr. ("Zarazua") file this Unopposed Motion requesting leave to file six (6) opt-in consent forms that were received after the close of the opt-in period. [Exhibits 1-6].

**CERTIFICATE OF CONFERRAL**

1. Counsel for Plaintiffs conferred with counsel for Defendants via e-mail regarding whether Defendants would oppose a motion for leave to file six (6) opt-in consent forms after the close of the opt-in period. Counsel for Defendants responded that Defendants were not opposed.

**BACKGROUND AND PROCEDURAL POSTURE**

2. On May 16, 2023, the Court conditionally certified this case as an FLSA collective

1

action and established a sixty (60) day opt-in period. [ECF No. 87]. Thereafter, Plaintiffs transmitted initial notice to the putative collective members and the opt-in period closed on August 14, 2023.

3. After the close of the opt-in period, Plaintiffs' Counsel received six (6) opt-in consent forms. Therefore, Plaintiffs now file this Unopposed Motion for leave to file the opt-in consent forms *attached as* Exhibits 1-6.

### ARGUMENTS AND AUTHORITIES

4. Courts have broad discretion to determine whether to permit late opt-in filers to join a collective action. *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) (holding that district courts have discretion in managing notice to potential plaintiffs in collective actions under the ADEA); *Benavidez v. Piramides Mayas Inc.*, No. Civ. A 09-5076, 2013 WL 1627947 (S.D.N.Y. Apr. 16, 2013) (allowing two plaintiffs who filed late opt-in consent forms—one nearly three months after the court's deadline—to remain in the action, despite a failure to show good cause for the late filings, because there was no prejudice to the Defendant).

5. Here, the opt-in period concluded on August 14, 2023, and Plaintiffs file this motion to file six (6) opt-in consent forms after the close of the notice period.

6. Defendants are not opposed to this motion. Moreover, Plaintiffs' request for leave to file these six (6) consents does not prejudice Defendants or cause any undue delay. *See Heaps v. Safelite Solutions, LLC*, 2011 WL 6749053, at *2 (S.D. Ohio Dec. 22, 2011) ("[A]ll of these consent notices were filed with the Court within a few months after the deadline and the majority of them within one month, not presenting any unfair surprise or requiring that Defendant take any additional steps to defend this action."). "True prejudice in this context might, for instance,

consist of 'allow[ing] new plaintiffs to join and share the spoils after the battle is won, but sit on the sidelines and remain free from the consequences of an unfavorable outcome.'" *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008) (quoting *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996)). No such circumstance is present here, and Defendants are unopposed.

7.  Finally, allowing the late filing serves judicial economy and prevents a multiplicity of separate actions. *See Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 598 (E.D. La. 2013) ("The plain language of Section 216(b) does not prohibit employees from bringing more than one collective action based on the same alleged violations.") (citing *Yates v. Wal-Mart Stores*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999)).

\*   \*   \*

Accordingly, for the foregoing reasons, Plaintiffs respectfully request the Court grant this unopposed motion for leave and allow the six opt-in consent forms *attached as* Exhibits 1-6 to be filed after the close of the opt-in period.

Respectfully submitted,

By: /s/ Drew N. Herrmann
　　Drew N. Herrmann
　　Texas Bar No. 24086523
　　drew@herrmannlaw.com
　　Pamela G. Herrmann
　　Texas Bar No. 24104030
　　pamela@herrmannlaw.com

　　**HERRMANN LAW, PLLC**
　　801 Cherry St., Suite 2365

Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

-AND-

Harold L. Lichten,
*Admitted pro hac vice*
hlichten@llrlaw.com
Matthew Thomson,
*Admitted pro hac vice*
mthomson@llrlaw.com
Jane Farrell,
*Admitted pro hac vice*
jfarrell@llrlaw.com
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
Phone: (617) 994-5800

ATTORNEYS FOR PLAINTIFFS
AND COLLECTIVE MEMBERS

<u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred with counsel for Defendants via e-mail regarding whether Defendants would oppose a motion for leave to file six (6) opt-in consent forms after the close of the opt-in period. Counsel for Defendants responded that Defendants were not opposed.

*/s/ Drew N. Herrmann*
Drew N. Herrmann

4